IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FABIAN MENDEZ**, | Case No.  3:15-CV-01583-SU |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| **MARION FEATHER,** | |
| Defendant. | |

SULLIVAN, United States Magistrate Judge:

Petitioner Fabian Mendez, a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") in Sheridan, Oregon, filed a *pro se* petition with this Court for writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner states that he is a deportable alien and asks that the Court stay proceedings to deport him to Mexico and set a reasonable bond for release pending adjudication of his petition for relief from removal.  Pet., at 1, 4.  For the reasons set forth below, the Court lacks subject matter jurisdiction, and thus, the petition should be dismissed.

## BACKGROUND

Page 1 - FINDINGS AND RECOMMENDATION

On August 28, 2012, petitioner was sentenced to 120 months incarceration for conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute, both violations of the federal Controlled Substances Act, 21 U.S.C. 801 *et seq*. Pet., at 2.[1] Petitioner unsuccessfully appealed the conviction and petitioned for habeas corpus relief under 28 U.S.C. § 2255, also without success. Pet., at 2-3; *see United States v. Mendez*, 534 F. App'x 585, 586 (9th Cir. 2013) (appeal). Petitioner is currently serving his sentence in federal prison in Sheridan, Oregon. Pet., at 1-2. In his petition, Mr. Mendez states that he is a citizen of Mexico and that he is a "deportable alien." Pet., at 3-4. Beyond that, he does not describe his immigration status or the conditions that cause him to be "deportable."

The government provides a declaration from an Immigration and Customs Enforcement ("ICE") official, Elizabeth Godfrey, which states that petitioner is not in the United States lawfully. Godfrey Decl., at 2. In addition, Ms. Godfrey states that petitioner's drug convictions qualify as "aggravated felonies" under 8 U.S.C. § 1101(a)(43)(B). Godfrey Decl., at 3. An alien convicted of an "aggravated felony" is deportable and subject to mandatory ICE custody upon release from prison. 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1226(c). "Aggravated felonies" include drug trafficking crimes, specifically "felon[ies] punishable under the Controlled Substances Act. 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2). On April 11, 2011, ICE issued a detainer to BOP requesting that petitioner be released to ICE's custody once he completes his sentence.[2] Godfrey Decl., at 3.

---

[1] Specifically, petitioner was convicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. Godfrey Decl., at 2.

[2] An immigration detainer advises a federal, state, or local law enforcement agency "that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange

Page 2 - FINDINGS AND RECOMMENDATION

When petitioner is released from federal prison, ICE plans to charge him as deportable for having committed aggravated felonies. Godfrey Decl., at 3. Ms. Godfrey states that when ICE brings petitioner in for processing, ICE will provide him with a Notice of Intent to Issue a Final Administrative Removal Order identifying the allegations and charge. Godfrey Decl., at 3. Petitioner's projected release date to ICE custody is September 29, 2019. Godfrey Decl., at 3.

In his petition, Mr. Mendez states that he "wishes to apply for relief from removal," but it is unclear if he intends to do so with the present petition or in a separate action. Specifically, petitioner requests that the Court:

1. Stay his deportation proceedings;
2. Set a reasonable bond for release pending the adjudication of his petition for relief from deportation.

Pet., at 1.

## DISCUSSION

The Court must first determine that it has subject-matter jurisdiction before it may consider the merits of a habeas corpus petition. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). In matters pertaining to immigration, the Court's jurisdiction is constrained by the Immigration and Nationality Act ("INA"), Pub. L. 89-236, 79 Stat. 911 (1965), as amended by REAL ID Act of 2005, Pub. L. 109–13, 119 Stat. 302 (2005). The REAL ID Act "eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals." *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006); *see Singh v. Mukasey*, 533 F.3d 1103, 1105 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881, 886 (9th Cir. 2007). The amended

---

to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7(a).

Page 3 - FINDINGS AND RECOMMENDATION

INA provides that "no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision" to review a final removal order or other questions of law or fact arising from removal proceedings. 8 U.S.C. §§ 1252(b)(9), 1252(g), 1252(a)(5). Thus, claims that are a direct challenge to, or inextricably intertwined with, a removal order, must be brought in a court of appeals through a proper petition for review. *Singh v. Holder*, 638 F.3d 1196, 1210-11 (9th Cir. 2011); *Singh v. Mukasey*, 533 F.3d at 1104. Specifically, the REAL ID Act ensured that the "sole and exclusive means for judicial review" of a removal order was for the alien to file a petition for review with the court of appeals within 30 days of a final order of removal. *Singh v. Mukasey*, 533 F.3d at 1105-06; 8 U.S.C. § 1252(b)(1). Even if ICE seeks to remove the alien based on an "aggravated felony," the alien may file a petition for review of the final order of removal, provided the alien asserts "constitutional claims or questions of law." *Singh v. Mukasey*, 533 F.3d at 1105; 8 U.S.C. § 1252(a)(2)(D).

Here, the Court lacks jurisdiction to hear Mr. Mendez's habeas corpus petition, because it is inextricably intertwined with his pending removal proceedings. Even if federal law permitted such jurisdiction, Mr. Mendez's petition would be premature as the Bureau of Immigration Appeals ("BIA") has not issued a final order of removal. If BIA issues a final order, Mr. Mendez's sole avenue for judicial review is to file a petition for review with the Ninth Circuit Court of Appeals within 30 days. *Singh v. Mukasey*, 533 F.3d at 1106. Accordingly, the petition for writ of habeas corpus should be denied.

## CONCLUSION

For the above reasons, this Court lacks subject matter jurisdiction to hear petitioner's claims. Petitioner's claims should be denied. The clerk of the court should be directed to enter a judgment

Page 4 - FINDINGS AND RECOMMENDATION

dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).*

DATED this 29th day of March, 2016.


    s/ Patrica Sullivan
Patricia Sullivan
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION